THE CITY OF ROCHESTER, Plaintiff, *v.* PATRICK J. GRAY, as Commissioner of Highways of the Town of Livonia, Defendant.

(Supreme Court, Monroe Special Term, October, 1905.)

Constitutional law — Provisions relative to municipalities and political boards and divisions — Provision against legislative control of highways.

Injunction — Who and what may be enjoined — Acts of public and municipal corporations and officers thereof — Enjoining highway commissioners.

The act (L. 1895, ch. 1018) authorizing the appointment of commissioners to acquire lands for the use of the city of Rochester to prevent the pollution of its water supply, is a local bill, and the provision of section 2 of said act, that such commissioners may take any highway within certain limits, and requiring them to reconstruct it elsewhere so as not to materially interfere with the public travel, and authorizing them to acquire the necessary land therefor by agreement or by condemnation, is in conflict with section 18 of art. 3 of the State Constitution which provides that " The Legislature shall not pass a private or local bill. * * * Laying out, opening, altering, working or discontinuing roads, highways or alleys, or for draining swamps or other low lands."

Where, under the authority of said statute, the commissioners attempted the removal from the lake shore of a highway which ran along the water's edge and substituted a new road about 200 feet from the shore line, and the commissioner of highways of the

Supreme Court, October, 1908.          [Vol. 60.

town where the lands affected were located entered upon the old highway and attempted to repair it, he may not be restrained perpetually by injunction from restoring the old highway to the public use at the suit of the city.

ACTION to restrain the defendant from entering upon lands at the foot of Hemlock lake, formerly used as a highway, and opening up said former highway to public travel.

William W. Webb and Benjamin B. Cunningham, for plaintiff.

E. A. Nash, for defendant.

SUTHERLAND, J.   In 1895 the Legislature passed an act (chap. 1018) authorizing the appointment by the Supreme Court of three commissioners to acquire for the use of the city of Rochester the shore of Hemlock lake, or so much thereof within 200 feet of the water line as the commissioners should determine was necessary to prevent the pollution of the water supply of the city.   A large portion of the lake shore was acquired by the commissioners appointed under this act, and cottages and hotels were removed, and steamers that carried excursionists were purchased and travel thereon discontinued; and in addition the commissioners attempted the removal from the lake shore of a highway which ran along the water's edge at the foot or north shore of the lake for a distance of upward of 1,500 feet.   Land was purchased by the commissioners for the city farther back from the shore, and a new roadway constructed north from the shore line about 200 feet.   The new highway thus constructed connects the main road running from Lima southward to Springwater on the east side of Hemlock lake with roads on the west side of the lake running through the town of Livonia.   The substituted road was built by the commissioners in a first-class manner and is a better roadway than the one for which it was substituted.   The effect of the change of route is to cut off access by the public to the lake along the 1,500-foot strip on the north shore traversed by the old highway; and the legality of the action

by the commissioners in changing the course of the highway is challenged by the defendant as commissioner of highways of the town of Livonia, where the lands affected are located; and the defendant, as such commissioner, before the commencement of this action, entered upon the old highway and attempted to repair the same, but was restrained by a temporary injunction in this action, which is brought to perpetually restrain the commissioner and his successors in office from restoring the old highway to the public use.

The act of 1895 provided (§ 2) that, " if it shall be necessary for the purposes of this act, such commissioners may take any highway or portion of a highway within the limits described in section 1, but they shall reconstruct any such highway in a manner satisfactory to the highway commissioner of the town in which it is located, and so as not to materially interfere with the public travel, and may acquire the necessary land therefor by agreement with the owners thereof or, if unable to so agree, by condemnation."

The commissioners examined the highway in question and found that the land at the foot of the lake was comparatively level, and that in high water, when the wind was from the south, the surface of the road would be washed by the waves, and the filth of the roadway would be carried into the lake. Furthermore, it was observed by the commissioners that persons sometimes drove into the water from the highway at this point, the beach being shallow, and washed their wagons and allowed the horses to stand in the water. The intake of the conduits are off the shore at the foot of the lake, and the commissioners determined that it was necessary for the prevention of contamination that the highway at this point should be moved back from the shore line. The local commissioner of highways, at the time the change was effected, approved of the method of construction of the new road, but did not consent to the abolition of the old highway or the substitution of the new for the old. The commissioners appointed under the act of 1895 proceeded in accordance with its terms; and practically the only question to be determined by the court in this action is whether the Legislature had any power to authorize the commissioners to

38

change the location of the highway in question without the consent of the town highway commissioner.

The act of 1895 is not a general act applicable to all the State, but is a local bill and, in respect to changing the highway, seems to conflict with section 18 of article 3 of the State Constitution, which provides that "the Legislature shall not pass a private or local bill * * * Laying out, opening, altering, working or discontinuing roads, highways or alleys, or for draining swamps or other low lands." However much such change may be needed, the constitutional provision seems to make it necessary for the city of Rochester to proceed under a general law to accomplish that result, if the course of any highway is to be changed without the approval of the town highway commissioner.

To sustain the authority of the commissioners appointed by the act in this respect, the learned counsel for the plaintiff relies upon the opinion written by Mr. Justice Rumsey in holding constitutional the act for building the West Side sewer, so-called, in the city of Rochester and town of Gates, which opinion was adopted by the General Term and the Court of Appeals. Swikehard v. Michels, 81 Hun, 325 ; 144 N. Y. 684. In that proceeding it was claimed that the West Side Sewer Act violated the same provision of the Constitution quoted above, which also prohibits the passage of a local bill for draining swamps or low lands. Justice Rumsey states, however, in his opinion, that there is an obvious legal distinction between a local bill for the construction of a sewer system to carry off sewage, which, he says, is constitutional, and a local bill for the drainage of swamps or low lands, as those terms are commonly understood, which is prohibited. He points out that the purpose to drain low or swamp lands is not disclosed upon the face of the act, and says that, if the principle announced in Waterloo W. M. Co. v. Shanahan, 128 N. Y. 345, that the court should not go behind the language of the act to seek out a purpose not disclosed upon its face be not adhered to, and if the effect of the act, as disclosed by the testimony of witnesses, be considered, and if such testimony shows that certain low, swampy lands would happen to be drained as the result of

the construction of the sewer, such resultant drainage would be only an incident to the attainment of the lawful object of the act, and that, therefore, the act did not offend the constitutional provision referred to. In the case at bar, however, the purpose to change the route of the highway is disclosed upon the face of the law; and the effecting of that change, although done to accomplish the same general result, is a separate and distinct function from the acquisition of the private property on the shores; and, accordingly, I am forced to the conclusion that the provision of the local act of 1895, empowering the commissioners appointed thereunder to close the highway in question, without the consent of the highway commissioner of the town of Livonia, is unconstitutional. If the maintenance of the old highway is dangerous to its water supply, the city must seek protection under the general laws now in force; or if, as now framed, they do not afford an adequate remedy, it must seek relief from the Legislature by a suitable amendment to those general laws.

The motion to dismiss the complaint must, therefore, be granted, with costs.

*Motion granted, with costs.*